# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAXMAN PARAJULI,** | : | **CIVIL ACTION** |
| *Petitioner-pro se,* | : | |
| | : | **NO. 25-5310** |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYVLANIA,** | : | |
| *Respondent.* | : | |

## ORDER

**AND NOW** this 1ˢᵗ day of June 2026,  upon consideration of Petitioner Laxman Parajuli's, ("Petitioner"), *pro se petition for writ of habeas corpus*, filed pursuant to 28 U.S.C § 2241, (ECF 1), his amended petitions, (ECF 6, 8), the Commonwealth of Pennsylvania's response in opposition thereto as well as its amended response, (ECF 11-12), and after a careful and independent review of the Report and Recommendation issued by United States Magistrate Judge Scott W. Reid, (ECF 16), to which no objections were filed[1], is hereby **ORDERED** that:

1.    The Report and Recommendation  is **APPROVED** and **ADOPTED**;

2.    The *petition for a writ of habeas corpus* is **DISMISSED**, without prejudice; and

3.    Petitioner  has  neither  shown  denial  of  a  federal  constitutional  right,  nor established that reasonable jurists  would  disagree with this court's procedural disposition of his claims.  As such,  there is no basis for the issuance of a certificate of appealability.

> **BY THE COURT:**
> /s/ *Nitza I. Quiñones Alejandro*
> **NITZA I. QUIÑONES ALEJANDRO**
> *Judge, United States District Court*

---

[1]    On September 15, 2025, Petitioner filed a petition for writ of *habeas corpus* essentially claiming to have been extradited from Ohio to Pennsylvania and to have been detained on an excessive bail imposed in violation of his constitutional rights pending his trial in Lancaster, Pennsylvania, on charges of receiving stolen property, access device fraud, and driving without a license based.  Petitioner further claims to have been denied discovery on the pending charges and that his trial has been unreasonably delayed.  Because Petitioner has not properly exhausted his state appeals rights, this Court, absent exceptional circumstances, has no jurisdiction to entertain his petition.  A fair reading of the petition does not show nor support the existence of any exceptional circumstances.  *See Reese v. Warden Philadelphia FDC*, 904 F. 3d 244, 246 n. 2 (3d Cir. 2018) (noting extraordinary circumstances "might exist when there is a showing of 'delay, harassment, bad faith or other intentional activity' on the part of the state" (citation omitted)).  Accordingly, the Report and Recommendation is approved and adopted in its entirety.